SOCIETY FOR PROMOTING THEOLOGICAL EDUCATION *vs.* ATTORNEY GENERAL & others.

Suffolk. Jan. 24. — July 3, 1883. FIELD & W. ALLEN, JJ., absent.

A testator, by his will, devised the residue of his property to his six children. By a codicil he devised certain stores to a charitable corporation, its successors and assigns forever, in trust to apply the net rents and income to the support of such indigent students in theology, while resident at C., as should be preparing themselves for the ministry, who should be deemed most meritorious and worthy of assistance, in sums not exceeding $100 to $150 a year for three years. The codicil further provided, as a "condition," that, in case of the corporation "accepting said bequest, and afterwards applying or appropriating said rents and income to any other or different purpose or object than that herein before expressed, then said bequest or devise from that time shall become null and void to all intents and purposes, and the said stores shall from thenceforward revert to and become a part of my estate, to be distributed, divided and disposed of, under the provisions of my said last will and testament, in the same way and manner as if the aforegoing devise had never been made" On a bill in equity, brought by the charitable corporation, it appeared that the income from the trust estate had largely increased from what it was at the testator's death; that there had not been a sufficient number of indigent students to exhaust the net income, if each beneficiary was paid no more than the amount stated in the

codicil; and that there was a large surplus income, which was constantly increasing. *Held*, that the codicil created, not a condition, but a conditional limitation, which was void for remoteness. *Held, also,* that the principal object of the trust could be best carried out by increasing the amount to be paid to each beneficiary.

MORTON, C. J.   The principal question presented by this bill in equity is as to the construction of the codicil to the will of John D. Williams, who died in 1848, and by the codicil devised to the plaintiff two stores in Boston, to have and to hold the same to it, its successors and assigns forever, in trust " to apply from time to time all the net rents and income to the maintenance and support of such indigent students in theology, while resident at Cambridge, as shall be preparing themselves for the ministry, who shall be by said corporation deemed most meritorious and worthy of assistance, in sums not exceeding at the rate of from one hundred to one hundred and fifty dollars per annum to each student (depending on the value of money at the time), and that limited to the period of three years of such students' residence.   Provided, however, that no student shall be debarred of this charity by reason of not having had a degree at a college, or being educated at any other college or embracing or entertaining any peculiar modes of faith, it being always understood he must be a Protestant."   He also devised certain real estate to " the Boston Asylum and Farm School for Indigent Boys," and to the " Massachusetts General Hospital," upon certain specified trusts.   The codicil then contains the following provision : " I do hereby annex to the several bequests herein before made to the Society for the Promotion of Theological Education at Cambridge, the Boston Asylum and Farm School, and to the Massachusetts General Hospital, the conditions following, to wit: that neither of said stores or warehouses so given and bequeathed as aforesaid shall be subject to sale, alienation, transfer, mortgage, pledge, lien or incumbrance, created by such corporation or corporations, their agents or creditors, and that any violation of this condition shall be considered as a renunciation or surrender of the same by such corporation in favor of my other devisees in my said will mentioned; and moreover that in case of the dissolution or insolvency of either of said corporations, or the refusal of either to accept the bequests

herein made upon the terms and conditions herein expressed, or in case of accepting said bequests and afterwards applying or appropriating said rents and income to any other or different purpose or object than that hereinbefore expressed, then said bequests or devises from that time shall become null and void to all intents and purposes, so far as regards such corporation or corporations so violating the conditions aforesaid, and the said store or stores, so given and bequeathed as aforesaid, shall from thenceforward revert to and become a part of my estate, to be distributed, divided and disposed of under the provisions of my said last will and testament, in the same way and manner as if the aforegoing devises to the said three institutions or corporations before named had never been made."

It cannot be doubted that the words of this devise are apt, and sufficient to create a fee in the plaintiff. The first question in the case is, whether it creates an estate upon condition simply, or an estate upon a condition followed by a limitation over to a third person in case of a breach of the condition, that is, a conditional limitation. If the codicil had merely provided that, upon a breach of the condition, the store or stores should revert to the estate, it might have created a condition simply. But it goes further, and makes provision as to the disposal of them in case of a breach of the condition. They are to be disposed of under the provisions of the will, in the same manner as if no devises had been made to the corporation. The will disposes of the residue of his property by giving one sixth to each of two sons, and four sixths to trustees for the benefit of his other children and their descendants. The legal effect of the codicil is the same as if it had expressly provided that, " in case of a breach of the condition, I give the stores as follows, one sixth to each of my two sons George and David, and four sixths to the trustees named in my will." This is a conditional limitation.

Suppose a grant to be made in similar terms by a living grantor. It seems clear that after the grant nothing remains in the grantor. The entire estate passes out of him. The determinable estate in fee vests at once; the expectant interest does not vest and take effect until the happening of the contingency upon which it is to arise; but both are created by the same grant. There does not remain in the grantor the right of entry

or possibility of reverter, which is the distinguishing feature of an estate upon condition.

In the case before us, the testator intended to dispose of his whole interest in the stores. He gave to the plaintiff an estate in fee, determinable upon a certain contingency; he gave to his other devisees an estate in fee, to arise and take effect upon the happening of the contingency. He did not give his other devisees a mere right of entry or possibility of reverter; he gave them "the said store or stores," to vest in them upon the happening of a future event. The necessary effect of such a gift is, that, upon the happening of the event, the estate vests at once without any act of reëntry or claim. The codicil therefore created a conditional limitation, or executory devise, which might not vest and take effect within the period prescribed by the rules of law designed to prevent perpetuities. We cannot distinguish this case from that of *Brattle Square Church* v. *Grant*, 3 Gray, 142, to which we refer for a full and clear exposition, by Mr. Justice Bigelow, of the differences between conditions and conditional limitations. In that case, a testatrix devised a house and land to the deacons of a church "upon this express condition and limitation, that is to say, that the minister or eldest minister of said church shall constantly reside and dwell in said house, during such time as he is minister of said church; and in case the same is not improved for this use only, I then declare this bequest to be void and of no force, and order that said house and land then revert to my estate, and I give the same to my nephew, John Hancock, Esquire, and to his heirs forever." It was held that this did not create an estate upon condition, but that the devise over to John Hancock and his heirs was a conditional limitation, and was void as not taking effect within the time limited by the law against perpetuities. For the reasons fully stated in that case, we are of opinion that the conditional limitation created by the codicil, in the case at bar, is void for remoteness. See also *Wells* v. *Heath*, 10 Gray, 17. It follows that the plaintiff takes an estate, free from the devesting limitation, in the stores devised, which it holds upon the trusts declared in the codicil.

It appears in this case, that the income from the trust estate has largely increased since the death of the testator; that there

has not been and is not a sufficient number of such indigent students as are named in the codicil as proper recipients of the income, to exhaust the whole income, if the plaintiff, in administration of the trust, is prohibited from paying any larger sum than one hundred and fifty dollars per annum to each beneficiary; and that there has been an accumulation of a large surplus, which is from year to year constantly increasing.

It seems to us to present a case in which the doctrine of *cy pres* may properly be applied; and that the court can authorize the trustee to apply the surplus according to the general intent and purpose of the testator, but to vary from the precise mode pointed out by him, because otherwise the general intent will be defeated.

The testator gave a portion of his estate to a public charity in which he felt a deep interest; it is clear that he intended that " all the net rents and income " should be appropriated to the aid of indigent students in theology at Cambridge. Undoubtedly he supposed that there would be a sufficient number of such students to absorb the whole income, if each received a sum no larger than one hundred and fifty dollars per annum. But the circumstances and conditions have changed, and there is a constantly increasing surplus. A state of things has arisen which he did not anticipate, and for which he has made no express provision. We must ascertain what application of the fund may be made as within the probable intention of the donor. His two directions, that the whole of the income shall be applied to the aid of indigent students in theology at Cambridge, and that each beneficiary shall receive no more than one hundred and fifty dollars, cannot both be carried out. The greater should prevail.

The general charitable purpose of the donor ought not to fail because an incidental direction as to the mode of administering the charity cannot be strictly carried out. In cases like this, where there is an unexpected surplus, courts of equity have authorized the application of the surplus, by increasing the number of the charitable objects, or by increasing the amounts paid to the beneficiaries, or by founding new *cy pres* charities. *Attorney General* v. *Wansay*, 15 Ves. 231. *Attorney General* v.

*Coopers' Co.* 19 Ves. 187. *Attorney General* v. *Minshull*, 4 Ves. 11. *Jackson* v. *Phillips*, 14 Allen, 539, and cases cited.

In the case before us, by increasing the amount to each beneficiary, the trustee would not violate the spirit of the testator's direction that the income should not be applied "to any other or different purpose or object than that hereinbefore expressed." The limitation as to amount is not an essential or fundamental element of the purpose or object. To apply the surplus by increasing the amount to each beneficiary, will be carrying out the main and principal purpose and object of the trust. It will be the nearest method of carrying into effect the general intent of the testator; and we are of opinion that the plaintiff is entitled to a decree to this effect, the form of which may be settled before a single justice. *Decree for the plaintiff.*

*E. R. Hoar & G. S. Hale*, for the plaintiff.

*C. A. Welch*, for the defendants.