36   329
94   250
36   329
105   183

# IN THE MATTER OF THE ESTATE OF MARY JANE DONAHUE, DECEASED.

DESCENT AND DISTRIBUTION.—Where a person dies intestate, leaving property which was *devised* to him, and leaves no issue, nor husband, nor wife, nor father, his estate goes in equal shares to his surviving brothers and sisters and mother,

42

and to the children of any deceased brother or sister by right of representation. If the property of such intestate was acquired by *inheritance*, the surviving mother will not inherit, but the estate goes to the brothers and sisters, and children of a deceased brother or sister.

ESTATE BY INHERITANCE.—An estate acquired by inheritance *is one that descends upon the heir, and is cast upon him by the single operation of law. A devisee does not inherit, in the technical sense of the term; he takes by purchase.*

APPEAL from the Probate Court of Santa Clara County.

The facts are stated in the opinion of the Court.

*Charles McDelany*, for Appellant.

*Julius McCeney*, for Respondent.

By the Court, SAWYER, C. J.:

James Donahue died in Santa Clara County on the 17th of August, 1862, leaving a surviving wife, Mary A. Donahue, and four infant children, Peter Donahue, Margaret Donahue, Mary Jane Donahue, and William E. Donahue. He left a will, by which, after making sundry bequests, he devised one third of all the residue of his estate, real and personal, to his said wife, and the remaining two thirds to his said children. On the 6th of August, 1864, one of said children, then an infant, William E. Donahue, died in said county, in the sixth year of his age; and on the 1st of April, 1865, another of said children, Mary Jane Donahue, died in the third year of her age. Letters of administration having been duly issued upon the estate of said infant, William E. Donahue, deceased, such proceedings were had that a final decree of distribution of said estate was made, whereby one undivided third part of said estate was distributed to the surviving brother, Peter Donahue, another equal undivided third to the surviving sister, Margaret Donahue, and the remaining third to the heirs at law of the deceased sister, Mary Jane Donahue, to the entire exclusion of the said Mary Ann Donahue, mother of the deceased, who claimed

to be entitled, as one of the heirs at law of the said William
E. Donahue, deceased, to an equal distribution or share of
said estate with the surviving brother and sisters. The said
Mary Ann Donahue excepted to the decree, and she now
appeals therefrom.

The only question is as to whether she is entitled to a share
as one of the heirs of the deceased infant son, under our
statute of descents and distributions.

Section one of said statute, as amended in 1862, provides
that, where any person having any estate not otherwise lim-
ited by marriage contract, shall die intestate, "it shall descend
and be distributed, subject to the payment of his or her debts,
in the following manner:

"First— * * * Second— * * * Third—If there
be no issue, nor husband, nor wife, nor father, then in equal
shares to the brothers and sisters of the intestate, and to the
children of any deceased brother or sister, by right of repre-
sentation; *provided, that, if he or she shall leave a mother, also,
she shall take an equal share with the brothers and sisters."*
(Stats. 1862, p. 570.)

In this case, the intestate, William E. Donahue, was an
infant under six years of age, and he left surviving no issue,
wife, or father; but he left a brother, two sisters, and a
mother. The case, then, is clearly within the category pro-
vided for in this subdivision and its proviso, and by its
express terms the estate should have been divided in equal
shares between the brother, sisters, and mother, unless there
is some other provision affecting the question. We find no
other provision applicable to the facts or in any way affecting
the question, unless it be the seventh subdivision of the same
section, which reads as follows:

"Seventh—If any person shall die leaving several children,
or leaving one child and the issue of one or more other chil-
dren, and any such surviving child shall die under age, and
not having been married, all the estate *that came to the deceased*

*child by inheritance from such deceased parent* shall descend in equal shares to the other children of the same parent, and to the issue of any such other children who shall have died, by right of representation." (Stats. 1862, p. 570.)

And this provision does not affect the question, unless "the estate came to the deceased child [in this instance the intestate, William E. Donahue] by *inheritance* from such deceased parent." Did the estate *devised* by the will of James Donahue, the father of the intestate, come to the latter by "*inheritance*," within the meaning of the statute. We think not. We have no doubt that the term "inheritance" is used in the statute in its ordinary, well known signification. An estate acquired by inheritance is one that has descended to the heir, and been cast upon him by the single operation of law. "Descent or hereditary succession is the title whereby a man, on the death of his ancestor, acquires his estate by right of representation as his heir at law. An heir, therefore, is he upon whom the law casts the estate immediately on the death of the ancestor; and an estate so descending to the heir is in law called the inheritance." (2 Black. Com. 201, and note 1; see, also, 2 Black. Com. 241, 294, 373, 374.)

The estate, in this instance, was not cast upon the deceased by operation of law, as the representative and heir of his father, but was conferred upon him by devise. The estate was acquired by *purchase*, in the technical sense of the term, and not by *descent*. It did not come to him by inheritance, and should not, therefore, have been distributed under the *seventh* subdivision of section one, but under the third, which gives the mother an equal share with the brothers and sisters.

The decree is reversed, and the cause remanded for further proceedings in accordance with the views expressed in this opinion.