### ESTATE OF MARGARETHA PFUELB.

No. 2790 — May 7, 1873.

WILL, DEVISE.—The word, *devise*, may cover property other than real estate, notwithstanding its primary signification.

STEP-SON—A stepson is not such a relation as would, under Sec. 1310, C. C., prevent a legacy from lapsing.

Construing sections, C. C., 1310, 1331; affirmed, 48 Cal., 643.

*Gray & Haven,* for applicant.

*George & Loughborough,* contra.

Deceased made a will by which she bequeathed $4,000 to her step-son.   The step-son died before the testatrix, leaving a daughter, who now applies for distribution to herself of the $4,000.

LOUGHBOROUGH—The legacy lapsed, as the devisee died before decedent, and the applicant is not within Sec. 20 of the act concerning wills.   The applicant is not a relation. That act refers only to a devise of real estate.

[Bouvier and Burrill, titles "Devise" and "Relation."]

HAVEN—Conceding that at common law the legacy would lapse, and that in a narrow sense "relation" means blood relation, Sec. 20 does not restrict us to this construction. (36 Cal., 329, as to devise.) The statute uses these words, legacy and devise, as convertible terms. The New York statute says, "may devise real and personal property." 1 Bradf., 116. The popular meaning of the word "relation" should be taken. Webst. Dic. adopted, 2 Sand. Ch., 506. Meaning of this statute: 3 Bradf., 317; 7 Mass., 86; 18 Pick., 43; 1 Vesey, sen., 84. The statute should be construed liberally. Sedg. on Stat., p. 317, 379, 285; 15 Mass., 206; 7 Mass., 524; 12 Mass., 384.

By the COURT: Testatrix published her will June 19, 1869, bequeathing a sum of money to "Louis Washington Johanning, my step-son, he being the son of my former husband, Louis Johanning, by a former marriage." Louis W. died May 19, 1872, leaving him surviving one child, the petitioner. Testatrix died Sept. 22, 1872. Petitioner asks for distribution of the legacy, claiming the same as heir of Louis W. The executor resists the application on two grounds: First, that under Section 1310, C. C., the term *devise* limits the application of the section to real estate; Second, that Louis W. was not a relative of testatrix, and the legacy lapsed, he dying before testatrix. The first point is not well taken. The word devise is generally applied to passing real estate by will, but is not necessarily exclusive. The second point is well taken. A step-son is not a relation within the meaning of Sec. 1310, C. C. *Esty, adm'r,* v. *Clark,* 101 Mass., 36, is a decision under a similar statute, and is directly in point. It is there decided that a wife is not a relation of the husband within the meaning of the statute, and that her son by a former husband will not succeed to her rights by virtue of the statute. Petition denied.