[Civ. No. 13798. Second Dist., Div. Three. June 11, 1943.]

Estate of ALICE B. BAUER, Deceased. THE SARAH DAFT HOME, Appellant, v. ETHELBELL M. HANSEN, Respondent.

Riter & Cowan and William Ellis Lady for Appellant.

Meserve, Mumper & Hughes, Edwin A. Meserve and Roy L. Herndon for Respondent.

WOOD (Parker), J.—The appeal is from a judgment in a proceeding to determine heirship and from the order denying a motion for a new trial.

Alice Bell Bauer died in Los Angeles on March 11, 1939. The appraised value of her estate was $241,375.17. Her only heir was an adopted daughter who was also her natural granddaughter. By the provisions of her holographic will, made on November 15, 1927, and admitted to probate on March 31, 1939, the daughter was given $1.00, and testatrix's sister and brother were given $500 each, and the residue of the estate was given to "the old ladies home located in Salt Lak [sic]." The petition for probate of the will alleged there was no institution such as that described in the will as the "old ladies home." Appellant, The Sarah Daft Home of Salt Lake City, filed a petition pursuant to sections 1080, 1081, and 1082 of the Probate Code, and alleged that it was the institution mentioned in the will as the old ladies home of Salt Lake City, Utah, and asked that it be determined that appellant was entitled to the residue of the estate.

The judgment of the trial court was that appellant was a charitable institution within the meaning of section 41 of the Probate Code; and that appellant was "entitled to distribution of one third (⅓rd) of the assets of said estate which shall remain available for distribution after the payment or other discharge of all indebtedness of the estate and all claims against the estate and assets thereof, and after the payment of all costs, charges and expenses of administration; and that respondent Ethelbell M. Hansen is the sole and only heir of said Alice Bell Bauer and will be entitled to distribution of

the other two thirds (⅔rds) of the assets of said estate which shall thus remain available for distribution."

Section 41 of the Probate Code provides: "No estate . . . may be bequeathed to any charitable or benevolent society . . . or to any person . . . in trust for charitable uses, by a testator who leaves a . . . descendant . . . who, under . . . the laws of succession, would otherwise have taken the property . . . unless the will was duly executed at least thirty days before the death of the testator. If so executed . . . such . . . legacies shall be valid, but they may not collectively exceed one-third of the testator's estate as against his . . . descendant . . . who would otherwise . . . have taken the excess over one-third. . . . All property bequeathed . . . contrary to the provisions of this section shall go to the . . . descendant . . . to the extent that they would have taken said property . . . but for such . . . legacies. . . ."

Section 812 of the Internal Revenue Code provides in part that one of the deductions allowed to be made from the gross estate in computing the federal estate tax is the amount of bequests or devises to charitable uses. (U.S.C.A., title 26, section 812.)

Appellant contends that the federal estate tax should not be deducted before computing the amount of appellant's one-third of the estate. Its argument is that the phrase "one-third of the testator's estate" as used in section 41 of the Probate Code means one-third of the gross estate and not one-third of the distributable estate; and that since the federal estate tax is not computed, under section 812 of the Internal Revenue Code, upon the one-third of the estate given to charity, the effect of deducting the tax before computing appellant's one-third would be to tax appellant's bequest which it asserts is exempt from federal estate tax.

A question arises as to the meaning of the phrase "one-third of the testator's estate" as used in that section, i. e., whether it means one-third of the gross estate or one-third of the distributable estate. Former section 1313 of the Civil Code, insofar as it is material to the present discussion, was substantially the same as section 41 of the Probate Code. In construing the words "one-third of the testator's estate," as used in former section 1313 of the Civil Code, it was stated in *Estate of Hinckley*, (1881) 58 Cal. 457, at page 516: "Our conclusion is that section 1313 of the Civil Code prohibits devises or bequests to charitable uses, of more than

one third of that which a testator has power to give, that is, of the property which shall remain after payment of his debts and charges of administration." In *Estate of Pearsons*, (1893) 98 Cal. 603 [33 P. 451], at page 611, it was said: "The one third of the estate which may be given to charitable uses is one third of the distributable assets (*Estate of Hinckley*, 58 Cal. 457); . . ." In 5 Cal.Jur. 12, section 8, it was stated: "The one-third which may be left for charity means one-third of the distributable assets after all the fees and charges of administration have been paid, and not one-third of the gross estate."

Appellant refers to a statement in *Estate of Henderson*, (1941) 17 Cal.2d 853 [112 P.2d 605], at page 862, as follows: "Section 41 of the Probate Code restricts the amount of a charitable bequest to one-third of the testator's estate." In that matter the trial court had restricted the amount of the charitable bequest to one-third of the *residue* of the estate *after deducting the amount of a specific bequest* of $500. The Supreme Court held that the amount of the specific bequest should not have been deducted before computing the one-third of the estate which was given to charity, and stated further on page 862, " . . . the cause is remanded to the trial court with instructions to modify its decree by awarding to appellant an amount equal to one-third of the testator's estate. . . ."

Appellant argues that the statement in the Henderson case that the charity should be awarded "an amount equal to one-third of the testator's estate" meant that the charity was to receive one-third of the gross estate and no deductions "on account of any matter or thing" were to be made; that inasmuch as the Henderson case was decided after the adoption of the Probate Code and the present section 41 thereof which provides that charity should receive one-third of the estate, the decisions in the Hinckley and Pearsons cases, *supra*, to the effect that "the one-third of the testator's estate" meant the "distributable estate," should be deemed overruled by the decision in the Henderson case.

It is to be noted that section 2 of the Probate Code states: "The provisions of this code, so far as they are substantially the same as existing statutes, must be construed as continuations thereof, and not as new enactments." As above stated, section 1313 of the Civil Code and section 41 of the Probate

Code are substantially the same insofar as they relate to the present matter.. The statement in the Henderson case that the charity should have an amount equal to "one-third of the testator's estate" was in substance the language of section 41 of the Probate Code and no definition of the words "one-third of the testator's estate" was given in that case. It does not appear that the Supreme Court intended by that language to give the phrase a meaning different from that announced in its prior decision in the Hinckley case, *supra*, when the similar language of section 1313 of the Civil Code was construed. That phrase means the distributable estate.

Another question is whether the items to be deducted in determining the amount of the distributable estate include the federal estate tax. In other words, should the one-third of the estate which is given to charity be computed upon the amount of the estate remaining after the payment of costs, charges, and expenses of administration, and before the federal estate tax is deducted? The appeal from the decree is presented upon the assumption that the federal estate tax will be computed under the decree upon the entire estate subject to tax, and will be deducted from the estate otherwise distributable, with the result that appellant's share, consisting of one-third of the residue, will be reduced below what it would be if the tax were deducted wholly from respondent's two-thirds. We shall therefore treat this as one of the questions involved. Appellant argues that since section 812 of the Internal Revenue Code provides that a bequest to charity should be deducted from the gross amount of the estate in order to determine the net value of the estate upon which it will be necessary to pay the federal estate tax, that the portion which appellant, a charitable institution, will be entitled to receive is exempt from the tax; that if the tax is an item to be deducted before the distributable estate is determined, the effect of such a deduction will be that appellant whose bequest is exempt, will be required to pay one-third of the federal estate tax computed on the two-thirds of the estate that respondent will receive; that if respondent had not contended successfully that the bequest to appellant was limited by section 41 of the Probate Code to one-third of the estate, appellant would have taken the whole residuary estate and there would have been no federal estate tax to pay for the reason that appellant's portion would have been exempt from the payment of that tax; that if appellant would not be re-

quired to pay a tax if it had taken the whole residuary estate, it should not be required to pay if it takes only a part of it, and therefore that the tax assessed upon the two-thirds of the residue should be paid out of that portion of the estate and no part of the tax on the two-thirds should be paid out of the one-third of the estate which appellant is entitled to receive.

Section 810 of the Internal Revenue Code provides that: "A tax equal to the sum of the following percentages of the value of the net estate (determined as provided in section 812) shall be imposed upon the *transfer* of the net estate of every decedent. . . ." (Italics added.)

Section 812 of said Code provides in part that: "For the purpose of the tax the value of the net estate shall be determined . . . by deducting from the value of the gross estate. . . . (d) The amount of all bequests . . . to or for the use of any corporation organized and operated . . . for . . . charitable . . . purposes. . . . If the tax imposed by section 810, or any estate . . . taxes, are, *either by the terms of the will, by the law of the jurisdiction under which the estate is administered* . . . payable . . . out of the bequests . . . otherwise deductible under this paragraph, then the amount deductible under this paragraph shall be the amount of such bequests . . . reduced by the amount of such taxes." (Italics added.)

There was no reference in the will to the payment of federal estate tax from individual bequests or at all. Section 812 (d) of the Internal Revenue Code, above referred to, contemplates that federal estate tax may be made payable from individual bequests by the law of the state under which the estate is administered. In the case of *Riggs* v. *Del Drago,* (1942) 317 U.S. 95 [63 S.Ct. 109, 87 L.Ed. ——] the question was whether a statute of New York which provided that, except as otherwise directed by will, the burden of federal death taxes paid by the executor should be spread proportionately among the beneficiaries, was unconstitutional because it was in conflict with the Internal Revenue Code. The United States Supreme Court said, at page 70: "We are of the opinion that Congress intended that the federal estate tax should be paid out of the estate as a whole and that the applicable *state law* as to the devolution of property at death *should govern* the distribution of the remainder and *the ultimate impact* of the federal tax; accordingly section

124 [the statute under consideration] is not in conflict with the federal estate tax law.'' (Italics added.) In *Harrison* v. *Northern Trust Co.,* (1943) 317 U.S. 476 [63 S.Ct. 361, 87 L.Ed. ——, at page ——], it was said: ''Section 807 [now part of section 812 (d)] recognizes that the ultimate thrust of the federal estate tax is to be determined by state law. . . .''

There is no statute in this state which provides that the federal estate tax may be allocated proportionately to the individual beneficiaries. Since there is no provision in the will, or in the state statutes, authorizing the apportionment of the federal estate tax among the beneficiaries, the authority for such apportionment, if any, must be found in the federal statutes. It was said in *Hepburn* v. *Winthrop,* (1936) 83 F.2d 566 [65 App.D.C. 309, 105 A.L.R. 310], at page 572: ''And since, as we have seen, there is no direction in the will and so also no statute dealing with the subject, this brings us back to the federal statute and the necessary implications from its terms.''

In *Riggs* v. *Del Drago, supra,* 87 L.Ed. ——, at page ——, the court said in referring to the Internal Revenue Code, section 800 et seq., including section 812(d) 26 U.S.C.A. 1940 edition: ''We are of the opinion that Congress intended that the federal estate tax should be paid out of the estate as a whole. . . . In the Act of 1916 Congress turned from the previous century's *inheritance* tax upon the *receipt* of property by survivors . . . [citing cases] to an *estate* tax upon the *transmission* of a statutory 'net estate' by a decedent.'' In the case of *Young Men's Christian Association* v. *Davis,* (1924) 264 U.S. 47 [44 S.Ct. 291, 68 L.Ed. 558], the residue of an estate, after specific bequests, was given to a charitable institution and the question was whether the estate tax should be paid from the specific bequests or from the residuary estate. The residuary legatees contended that since the tax was upon the net estate and since the charitable bequests were excluded from the net estate, Congress could not have intended that the tax should be paid out of the very gifts which, by federal statute, were excluded from the net estate and that the purpose of Congress was to exempt the charitable beneficiaries from the tax. The federal statute then under consideration (Revenue Act of 1918, 40 Stat. at L. 1057, 1096), was substantially the same as the present statute insofar as it related to the present question. The court stated,

in an opinion by Chief Justice Taft, at page 560 [68 L.Ed.]:
"What was being imposed here was an excise upon the transfer
of an estate upon death of the owner. It was not a tax upon
succession and receipt of benefits under the law or the will.
It was death duties as distinguished from a legacy or suc-
cession tax. What this law taxes is not the interest to which
the legatees and devisees succeeded on death, but the interest
which ceased.by reason of the death." It was stated further
in that case on the same page: "Congress was thus looking
at the subject from the standpoint of the testator, and not
from the immediate point of view of the beneficiaries. It
was intending to favor gifts for altruistic objects, not by
specific *exemption* of those gifts, but by encouraging testators
to make such gifts. Congress was in reality dealing with the
testator before his death. It said to him: 'If you will make
such gifts, we'll reduce your death duties and measure them
not by your whole estate, but by that amount, less what you
give.' " The court said further on page 560 [68 L.Ed.] : "There
is nothing in subdivision (3) of section 403 which *exempts* the
recipients of altruistic gifts from taxation; it only requires a de-
duction of them in calculating the amount of the estate which
is to measure the tax. It exempts the estate from a tax on
what is thus deducted. . . ." (Italics added.) In 28 Ameri-
can Jurisprudence 8, section 3, it was stated in referring to
the federal estate tax: "It is not a tax on what comes to
the beneficiaries or heirs, but upon what is left by the dece-
dent. It is treated as an expense of administration, as a
proper disbursement by an executor . . . for which he will
be allowed credit in his account. . . . The tax comes into
existence before and is independent of the receipt of the
property by the legatee or distributee." The case of *Hepburn*
v. *Winthrop, supra,* 83 F.2d 566 [65 App.D.C. 309, 105
A.L.R. 310], stated at page 572 in referring to the provision
of the Internal Revenue Code that the estate tax was to be
paid before distribution: "This implies that the tax is of
the nature of an administration expense. . . . It is therefore
not a payment as to which the beneficiaries have any con-
cern. It is not a charge against either legatees or distrib-
utees."

A recent United States Supreme Court case which illus-
trates the application of the rule that a bequest to a charitable
institution is not exempt from the federal estate tax is *Harri-
son* v. *Northern Trust Co., supra,* 87 L.Ed. ——. In that case

the testator, a resident of Illinois, gave the residue of his estate to four charitable organizations. The will had no provision as to payment of the estate tax, except as to certain specific bequests. The residuary estate, before paying federal estate taxes, amounted to $463,103.08. The residuary legatees claimed that all of said amount should be deducted from the gross estate in computing the estate tax. The question was whether, under the provisions of section 807 (d) of the Revenue Act of 1932 (now part of sec. 812 (d) of the Internal Revenue Code, 26 U.S.C.A., 1940 ed.), the amount to be deducted from the gross estate on account of the bequest to charity was the actual amount of such bequest, after payment of federal estate taxes, or what would have been the amount if there had not been such taxes. That section of the Revenue Act provided that where the tax is, either under the will or the applicable local law, "payable . . . out of the bequests . . . under this paragraph [to charity], then the amount deductible . . . shall be the amount of such bequests . . . reduced by the amount of such taxes." Apparently the Illinois statutes were silent as to the source from which the tax was to be paid. The court held that only the amount of the residue which was actually distributable to the charitable donees, that is, the amount remaining after payment of the tax, was deductible as a charitable bequest; that the total estate tax was $459,879.57, which should be paid from the residuary estate, and therefore the charitable donees were entitled to deduct only $3,223.51, the amount actually passing under the residuary bequests. Those bequests to charity, therefore, were not exempt from the payment of federal estate tax.

The federal estate tax is a charge against the whole estate, is in the nature of an expense of administration, and is one of the items to be deducted from the gross estate in determining the amount of the distributable estate.

The judgment is affirmed. The order denying the motion for a new trial is not an appealable order and the appeal therefrom is dismissed.

Shinn, Acting P. J., and Bishop, J. pro tem., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 9, 1943. Curtis, J., voted for a hearing.