[Civ. No. 38214. Second Dist., Div. Three. Sept. 30, 1971.]

Estate of FRANCES MARIE COBURN, Deceased.
HELEN T. CONROY, as Executrix, etc.,
Petitioner and Respondent, v.
HOLY INNOCENTS CATHOLIC CHURCH, Claimant and Appellant;
EDWARD SCHMITT et al., Claimants and Respondents.

**COUNSEL**

John A. Webb for Claimant and Appellant.

Armstrong, Brown & Sherman, and Laurence K. Brown for Petitioner and Respondent and for Claimants and Respondents.

## OPINION

**ALLPORT, J.**—Frances Marie Coburn died September 22, 1967, leaving surviving her as her only heir at law her sister Marie Schmitt. Her will executed May 18, 1967, was admitted to probate February 13, 1968, and James C. Webb was appointed executor thereof on June 3, 1968. No contest of the will was filed. By paragraph "THIRD" of the will, the testatrix gave all of her property to The Holy Innocents Catholic Church, appellant herein, and no provision was made for any alternative disposition. Marie Schmitt died February 7, 1970, prior to distribution under the Coburn will, leaving three adult children, Edward Schmitt, Walter Schmitt, and Helen T. Conroy, respondents herein, as her sole heirs at law.

A petition to determine interests in the Coburn estate was filed in the superior court pursuant to Probate Code section 1080 by Helen T. Conroy as executrix of the will of Marie Schmitt. A statement of interest was filed collectively by said Helen T. Conroy, Edward Schmitt and Walter Schmitt alleging them to be the sole descendants of Marie Schmitt and the sole niece and nephews of Frances Marie Coburn. It was contended in the statement that the gift to the church in the Coburn will was valid only to the extent of one-third of the estate and that the balance of the estate, under Probate Code section 41, should be distributed in equal shares to said niece and nephews, if not to the estate of Marie Schmitt. Prior to hearing of the petition to determine interests, a stipulation was entered into between appellant and respondents establishing the facts that Marie Schmitt was the only surviving heir of Frances Marie Coburn and that Helen T. Conroy, Edward Schmitt and Walter Schmitt were the only surviving heirs of Marie Schmitt. After hearing of the petition on November 16, 1970, the matter was submitted and on December 2, 1970, a minute order was made as follows:

"In the matter of the Petition of HELEN T. CONROY, as executrix, for an Order Determining Interests in Estate, of the will of Marie Schmitt, deceased, and Objections of JAMES C. WEBB, Executor of the will of Frances Marie Coburn, to any claim of Helen T. Conroy, as extx. heretofore submitted to the Court on November 16, 1970, the Court does now render its decision and order as follows:

"In the absence of any higher Court's decision on the question here in point, this Court can only proceed by analogy to similar constructions of Probate Code § 41 by Appellate Courts. It has been heretofore decided that for purposes of application of the monetary limits of § 41, the Court should consider the amount on hand at the time of distribution rather than date of death.

"It would serve the ends of justice and accomplish the salutary purposes of § 41 to apply a similar construction to relationship of objector, i.e., since date of distribution is the time fixed for objections to excess bequests, the Code making no earlier objection necessary, so, too, should the persons entitled to object be determined by their relationship at that time.

"Accordingly, present petitioners are determined to be in the protected class under § 41 in their own right and not in place of their mother, do object by their present petition, and the excess over ⅓ shall go to them in default of alternative disposition."

■ Thereafter the church filed a notice of appeal "from that certain Order of the above Court, made and entered herein on or about date of December 2, 1970. . . ." Although a formal written "Order Determining Interests In Estate" was prepared, signed by the court and filed subsequent to the minute order, we consider the notice of appeal referring to the minute order sufficient under rule 1(a), California Rules of Court.

Probate Code section 41 provides, in pertinent part as follows: "No estate, real or personal, may be bequeathed or devised to any charitable or benevolent society or corporation, . . . by a testator who leaves a spouse, brother, sister, nephew, niece, descendant or ancestor surviving him, who, under . . . the laws of succession, would otherwise have taken the property so bequeathed or devised, unless the will was duly executed at least 30 days before the death of the testator. If so executed at least 30 days before death, such devises and legacies shall be valid, but they may not collectively exceed one-third of the testator's estate as against his spouse, brother, sister, nephew, niece, descendant or ancestor, who would otherwise, as aforesaid, have taken the excess over one-third, . . . All property bequeathed or devised contrary to the provisions of this section shall go to the spouse, brother, sister, nephew, niece, descendant or ancestor of the testator, if and to the extent that they would have taken said property as aforesaid but for such devises or legacies; otherwise the testator's estate shall go in accordance with his will and such devises and legacies shall be unaffected. . . .

"Nothing herein contained is intended to, or shall be deemed or construed to vest any property devised or bequeathed to charity or in trust for a charitable use, in any person who is not a relative of the testator belonging to one of the classes mentioned herein, or in any such relative, unless and then only to the extent that such relative takes the same under a substitutional or residuary bequest or devise in the will or under the laws of succession because of the absence of other effective disposition in the will."

■■ Thus any person attempting to invalidate an excessive gift to

charity under section 41 must show that he is a member of one of the classes of persons protected by the section *and* that he would inherit under an appropriate gift in the will or under the laws of succession in the absence of such gift. It was stipulated that respondents were members of a class protected under section 41. The Coburn will, however, did not contain a substitutional or residuary bequest benefiting respondents and they have not shown that they were heirs at law of Frances Marie Coburn so as to take under the laws of succession. Only Marie Schmitt, decedent's sole surviving heir at law at the time of decedent's death, could take under the laws of succession. (Prob. Code, § 225, *Estate of Donahue,* 36 Cal. 329, 332; *Estate of Miner,* 214 Cal.App.2d 533, 539 [29 Cal.Rptr. 601].) It follows that Marie Schmitt alone had the right to contest the gift to the church and since she did not do so during her lifetime, the right was extinguished at her death. In discussing this right, our Supreme Court stated in *Estate of Bunn,* 33 Cal.2d 897, at page 901 [206 P.2d 635], "[T]he right to contest a will on this ground has been held to be purely personal, to be narrowly restricted, and one which does not pass to the representative of a decedent as part of his estate." (See also *Estate of Gutierrez,* 220 Cal.App.2d 6, 12-13 [33 Cal.Rptr. 593].)

The trial court reasoned that since case law had established that for the purposes of application of the monetary limits of section 41 the time of distribution rather than date of death was used (*Estate of Bauer,* 59 Cal. App.2d 152, 154-156 [138 P.2d 717]), and since date of distribution was the time fixed for objections to excessive charitable bequests, then the date of distribution should also determine the persons entitled to object by reason of their relationship to the deceased at that time. Such reasoning ignores the second qualifying condition of section 41. Although as of the date of distribution respondents were the only *existing* "heirs" of Coburn, they would not take under the laws of succession since their mother, Marie Schmitt, had survived Coburn. *Estate of Goyette,* 258 Cal.App.2d 768 [66 Cal.Rptr. 103], involved a situation where decedent, a widower, was not survived by parents or issue. His nearest surviving heirs were two sisters and a brother. The appellants were a niece and nephew, the children of one of decedent's sisters. A residuary bequest in the will to the appellants was declared forfeited by the trial court for violation of an *in terrorem* clause and appellants were found not qualified to contest excess charitable bequests under Probate Code section 41. In affirming the trial court's order, the appellate court said at pages 774-775: "Probate Code, section 41 is not a mortmain statute; it does not automatically void charitable gifts which exceed its limits if the testator dies more than 30 days but within six months after making his will as in this case. The gifts are merely voidable to the extent that they collectively exceed the statutory

limits [citations], and only if challenged by the members of a very limited class, certain specified relatives 'who, under the will, or laws of succession, would otherwise have taken the property.' . . .

"Manifestly, appellants are relatives of the decedent within the group specified by Probate Code, section 41. . . . they forfeited their residuary interest . . . . Consequently, they are no longer residual beneficiaries and cannot challenge the charitable gifts as persons who would otherwise have taken the property under the will. And, since they are not the testator's immediate heirs (they are the children of decedent's surviving sister), appellants cannot even challenge the charitable gifts as persons who would otherwise have taken the excessive charitable gift under the laws of succession."

Thus respondents' only interest in the Coburn estate would be what they might expect to receive through their mother's estate. As their mother's estate had no interest in the Coburn estate by reason of Marie Schmitt's failure to exercise during her lifetime her personal right to contest the charitable bequest, nothing passed to respondents upon their mother's death. (*Estate of Bunn, supra,* 33 Cal.2d 897; *Estate of Holtermann,* 206 Cal.App.2d 460, 470-471 [23 Cal.Rptr. 685]; *Estate of Hughes,* 202 Cal. App.2d 12, 18 [20 Cal.Rptr. 475].)

The order determining interests in estate is reversed.

Cobey, Acting P. J., and Schweitzer, J., concurred.