[Civ. No. 5841. Second Appellate District, Division One.—September 20, 1927.]

In the Matter of the Estate of ROSE FRITZE, Deceased. MARGARET KINAHAN et al., Appellants, v. MARY MALONE, Respondent.

Frank J. Barry and Warren Lee Kinder for Appellants.

H. A. Massey, Meserve, Mumper, Hughes & Robertson and Timon E. Owens for Respondent.

McLUCAS, J., *pro tem.*—This is an appeal by Margaret Kinahan and Catherine Mongan from that part of the order of distribution in the matter of the estate of Rose Fritze, deceased, which adjudges that said Margaret Kinahan and Catherine Mongan are not entitled to share in the distribution of the sum of $3,766.56, the amount of said estate given by the will of said deceased to charity in excess of that allowed by law and not otherwise disposed of by said will; and which adjudges that Mary Malone, sister and legal heir

of said deceased, is entitled to all of said $3,766.56 to the exclusion of said Margaret Kinahan and Catherine Mongan.

Rose Fritze died in Los Angeles, California, on June 6, 1925, leaving her surviving as heirs at law and next of kin three sisters, Mary Malone, Margaret Kinahan, and Catherine Mongan. On March 27, 1925, the deceased executed her last will, the relevant sections of which are as follows:

"First: I hereby revoke all former wills by me made;

"Second: I declare that I am of the age of 74 years and that I am the widow of the late John Fritze;

"Third: I direct my executor hereinafter named, as soon as he has sufficient funds in his hands, to pay my funeral expenses and the expense of my last sickness and all just debts;

"Fourth: I give and bequeath all my clothing, household goods, furniture and furnishings to Saint Vincent de Paul Society of Los Angeles, California;

"Fifth: I give, devise and bequeath to my good friend, Jack E. Lundin, who resides with me, lot 18 and the west 10 feet of lot 19, in block 'C' of the Estrella Tract, in the city of Los Angeles, county of Los Angeles, state of California, as per map thereof recorded in book 59, page 86 of miscellaneous records of Los Angeles county, except so much thereof as I may have sold;

"Sixth: I hereby direct my executor, hereinafter named, to sell all other property owned by me and convert same into cash; and the proceeds thereof I hereby give and bequeath:

"1. To my said good friend, Jack E. Lundin, the sum of one thousand ($1000.00) dollars;

"2. From the remainder, if any, to my good neighbor, Maggie Peery, the sum of two hundred ($200.00) dollars;

"3. From the remainder, if any, to my dear sister, Mary Malone, residing at Dundalk, Ireland, provided she survive me, the sum of one thousand ($1000.00) dollars; and in the event she does not survive me, then the said one thousand ($1000.00) dollars to the parish priest of Saint Patrick's Church of Dundalk, Ireland, to be by him distributed to the poor of Dundalk;

"4. From the remainder, if any, to K. Nishio, I. Yasuda and Tom Sekigucki, my tenants on East First street, Los

Angeles, California, each the sum of two hundred ($200.00) dollars; and

"5. Any and all remainder to the Little Sisters of the Poor, First and Mott streets, Los Angeles, California;

"Seventh: It is my will and intent that not any of my relatives or heirs, other than as hereinbefore set forth, shall take or receive any share or portion of my estate. I do not leave anything to my sisters, Margaret and Catherine, of Malden, Massachusetts, as each of them has plenty of this life's possessions;"

The net value of the etate of the deceased is the sum of $16,599.83. Of this amount the will of the deceased attempted to give to the Saint Vincent de Paul Society of Los Angeles household furniture and furnishings of the appraised value of $200, and to the Little Sisters of the Poor of Los Angeles the sum of $9,099.83, making a total of $9,299.83 left by said will to charity, and being $3,766.56 in excess of the amount allowed by section 1313 of the Civil Code to be left to charitable institutions.

The appellant assigns as error, first, that the sum of $3,766.56 being the excess given to charitable institutions constituted the intestate estate of deceased and should have been distributed equally among the legal heirs of the deceased, there being no residuary legatees capable of receiving the same, and that it was error for the court to have distributed said $3,766.56 to Mary Malone to the exclusion of Margaret Kinahan and Catherine Mongan; second, that the attempted disinheritance of Margaret Kinahan and Catherine Mongan did not have any effect, no disposition having been made of the lapsed legacy, and that the court erred in construing that the will gave said $3,766.56 to Mary Malone, and denying the petition of said executor to have same distributed equally between Mary Malone, Margaret Kinahan, and Catherine Mongan, the legal heirs of said deceased.

The case resolves itself into two propositions, namely: (1) The status of property accruing from a lapsed legacy where there is no residuary legatee capable of receiving the same; (2) The effect of an attempted disinheritance of heirs in case of a lapsed legacy where there is no residuary legatee capable of receiving the property as to which the lapse

occurs and where no other disposition is made of said lapsed estate.

The statute governing this case is found in section 1313 of the Civil Code, which read as follows at the time of the death of testatrix:

"No estate, real or personal, shall be bequeathed or devised to any charitable or benevolent society or corporation, or to any person or persons in trust for charitable uses, except the same be done by will duly executed at least thirty days before the decease of the testator; and if so made at least thirty days prior to such death, such devise or legacy and each of them shall be valid; provided, that no such devise or bequest shall collectively exceed one-third of the estate of the testator, leaving legal heirs, and in such case a *pro rata* deduction from such devises or bequests shall be made so as to reduce the aggregate thereof to one-third of such estate; and all dispositions of property made contrary hereto shall be void, and go to the residuary legatee or devisee, next of kin, or heirs, according to law; and provided, further, that bequests and devises to the state, or to any state institution which is exempt from taxation under section one *a* of article thirteen of the constitution of the state of California, or for the use or benefit of any such educational institution, are excepted from the restrictions of this section; provided, however, that nothing in this section contained shall apply to bequests or devises made by will executed at least six months prior to the death of a testator who leaves no parent, husband, wife, child or grandchild, or when all of such heirs shall have by writing, executed at least six months prior to his death, waived the restriction contained herein."

Since the deceased was survived by legal heirs and her will was executed less than six months prior to her death, any charitable bequests made by her in excess of one-third of her estate were void and lapsed under the provisions of section 1313 of the Civil Code. Under the statute in question the excess must be distributed either to the "residuary legatee or devisee, next of kin, or heirs, according to law." The respondent contends that the first sentence of the seventh paragraph of the will is the general residuary clause of the will and that it constituted Mary Malone the residuary legatee. The said sentence reads as follows:

"It is my will and intent that not any of my relatives or heirs, other than as hereinbefore set forth, shall take or receive any share or portion of my estate. . . . ''

In paragraph six, subdivision 3, the testatrix's sister Mary Malone was mentioned and no other relative or heir was mentioned in the will preceding paragraph seven thereof. The other legatees and devisees mentioned in the will were either charitable institutions or strangers in blood to the testatrix. Respondent contends that the words ''any of my relatives or heirs other than as hereinbefore set forth'' necessarily implies that the heir or heirs, if any, thereinbefore set forth should take or receive such portion of the estate as would fall into the residue thereof. It is argued by respondent that if the testatrix had intended merely to evince an intention to disinherit, she would have omitted the first sentence of paragraph seven, since the words ''I do not leave anything to my sisters Margaret and Catherine . . . '' are sufficient to evince an intention to disinherit the two sisters named. Respondent relies upon the rule laid down in *Estate of Upham,* 127 Cal. 90, 98 [59 Pac. 315, 318], which reads:

''No particular mode of expression is necessary to constitute a residuary legatee. It is sufficient, if the intention of the testator be plainly expressed in the will, that the surplus of the estate, after payment of debts and legacies, shall be taken by a person there designated.''

In our opinion paragraph seven of the will does not meet the requirements of the foregoing rule. In no part thereof is the intention of the testatrix expressed that the surplus of the estate shall be taken by a person there designated. A testator must do more than merely evince an intention to disinherit before the heir's right of succession can be cut off—he must make a valid disposition of his property. (*Estate of Walkerly,* 108 Cal. 627 [49 Am. St. Rep. 97, 41 Pac. 772] ; *Campbell-Kawannanakoa* v. *Campbell,* 152 Cal. 201, 207 [92 Pac. 184].)

The rules of construction to be applied in cases of this character are well settled. The primary purpose of all such rules is to ascertain the testator's intention (sec. 1317, Civ. Code), not some undeclared purpose which may be supposed to have been in his mind, but the intention disclosed by the words he has used. If the plan adopted

by the testatrix cannot be given effect because it violates the rules of law, the court is not authorized to substitute for the illegal provisions some other which it may suppose would have been adopted by her if she had known that the directions actually given could not be carried out; in other words, the court cannot under the guise of construction make a will for the testatrix in place of the one she has made. (*Estate of Spreckels*, 162 Cal. 559, 567 [123 Pac. 371]; *Estate of Young*, 123 Cal. 337 [55 Pac. 1011].) ■ As in the case of innumerable wills, the testatrix did not anticipate the invalidity of her gift to charity and did not provide for the disposition of the lapsed gift in the event of such invalidity, which she could easily have done if she so desired. What her actual intent may have been in the event of the invalidity of such gift to charity we have no means of knowing. It cannot be assumed that she would have given all of this excess to her sister Mary Malone. She might have given it to Lundin, the favored beneficiary, or she might have divided it equally among all of the legatees, or given it to other persons not mentioned in her will at all, or she might perhaps have given it to her sisters Margaret and Catherine. The situation is one where, as in the *Estate of Hittell*, 141 Cal. 432 [75 Pac. 53], the testatrix did not anticipate every contingency. That she so failed furnishes no excuse for the execution of a will by judicial construction.

■ It follows that Mary Malone cannot claim the lapsed gift under the residuary clause, and that the residue must be distributed under the provisions of section 1313 of the Civil Code to the heirs or next of kin.

Judgment reversed.

Houser, Acting P. J., and York, J., concurred.