[Civ. No. 10084. First Appellate District, Division One.—March 13, 1936.]

In the Matter of the Estate of DAVID R. SOMERVILLE, Deceased. WILLIAM P. L'HOMMEDIEU, Appellant, v. RAYMOND B. JOHNSON, Public Administrator, etc., Respondent.

Clarence De Lancey for Appellant.

U. S. Webb, Attorney-General, J. E. Rodgers, W. L. Wollitz and Elvera E. Wollitz for Respondent.

THE COURT.—Appeal from an order granting the Public Administrator of Contra Costa County letters of administration with the will annexed of the above estate, and denying the petition of the nominee of the surviving sister of decedent for letters.

The material part of the will is as follows: "This is a Will the first & Let us hope the last one. In writing this the object is to stop *any* of my relatives from getting a *cent* of my small estate. I want it to go to my wife Frieda. I quote here especially I do not want my sister to have one dime of my money in the past twenty years she has had enough, without repaying if my wife does not get it my wish is to buy a dog for the Blind Home on Telegraph Ave. Oakland."

Decedent's wife predeceased him, and there was left surviving a sister, Anne C. L'Hommedieu, who is sole heir at law. The latter nominated her husband as administrator of the estate, and he has appealed from the order mentioned.

Appellant claims that the will names no residuary legatee and that consequently the sister is entitled to succeed to the residuary estate notwithstanding the attempt of the deceased to disinherit her, for which reason it was error on the part. of the court to refuse to appoint her nominee as administrator.

A brother or sister entitled to succeed is entitled to administer (Probate Code, sec.. 42, subd. 5), and administration may be granted to one or more competent persons, although not otherwise entitled, at the written request of one who is entitled (Probate Code, sec. 423). This section also provides that "If the person making the request is a child, parent, brother or sister of the decedent, the nominee shall have priority next after those in the class of the person making the request; otherwise the court, in its discretion, may appoint either such nominee or a person of a class subsequent in rank to that of the person making the request. . . . "

The section plainly gives priority to a competent nominee of a child, parent, brother or sister of a decedent over persons in subsequent classes; and it is only as to the latter classes that the court may in its discretion appoint either a nominee or a person of a class subsequent in rank to that of the person making the request. It is not contended that the appellant is not otherwise competent to act, and if decedent's sister is entitled to succeed to the residue of the estate the court erroneously granted letters to the public administrator.

A relative is entitled to priority in appointment only when entitled to succeed to the estate or some portion thereof (Probate Code, sec. 422); and a nominee as such can have no greater right than the person entitled (*Estate of Myers*, 9 Cal. App. 694 [100 Pac. 712]; *Estate of Connick*, 198 Cal. 498 [209 Pac. 356]). However, to destroy the right to succeed a testator must do more than evince an intention to disinherit; he must make a valid disposition of his property (*Estate of Walkerly*, 108 Cal. 627 [41 Pac. 772, 49 Am. St. Rep. 97]; *Estate of Fritze*, 85 Cal. App. 500 [259 Pac. 992]). There appears to be no question as to the identity of the body designated by the testator as trustee, namely, the Blind Industrial Home for Adults in Oakland, California. Associations formed for a charitable object, whether incorporated

or not, are capable of taking bequests of this character (*Estate of Winchester,* 133 Cal. 271 [65 Pac. 475, 54 L. R. A. 281]; *Estate of Irwin,* 196 Cal. 366 [237 Pac. 1074]; *Estate of McDole,* 215 Cal. 328 [10 Pac. (2d) 75]); nor does it admit of question that specially trained dogs are now furnished to and used by the blind. ▇ While the testator directs the purchase of ''a dog'', a word importing the singular number only may in cases of this character be applied to several persons or things as well as to one person or thing (*Dunn* v. *Cory,* 56 N. J. Eq. 507 [39 Atl. 368]; *Thrasher* v. *Ballard,* 35 W. Va. 524, 527 [14 S. E. 232]). The question is one of intention, to be collected from the language of the whole will; and where the general intention of the testator to create a charity appears therefrom the courts, in dealing with an ambiguous residuary clause, will lean in favor of a broad rather than a restricted construction (*Lamb* v. *Lamb,* 131 N. Y. 227 [30 N. E. 133]).

▇ The will was holographic and drawn by a person unskilled in the use of legal terms; but notwithstanding the uncertainty created by the use of a word importing the singular number, when it is considered that the testator wished to exclude all his relatives except his wife from participation in his estate, enough was said to show beyond reasonable question the general intention that the residue should be applied to the charity mentioned. Where the intention appears the general charitable purpose of the testator will be carried out (*Estate of Peabody,* 153 Cal. 173, 174 [97 Pac. 184]); and the rule applies to a surplus as well as where there is a deficiency in the fund (*American Academy of Arts & Sciences* v. *President etc. of Harvard College,* 12 Gray (Mass.), 582; *Attorney-General* v. *Rector etc. of Trinity Church,* 91 Mass. (9 Allen) 422; *Society, etc.,* v. *Attorney-General,* 135 Mass. 285; *Camp* v. *Presbyterian Society,* 105 Misc. 139, 173 N. Y. Supp. 581). The record is silent as to what evidence, if any, respecting the circumstances under which the will was drawn, the value or condition of the estate, or other facts, was adduced at the hearing; but we are satisfied that the construction given to the will by the probate court, namely, that the testator made a valid disposition of his whole estate, is correct.

The order is affirmed.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 11, 1936.