[Civ. No. 15371. Second Dist., Div. Two. Oct. 9, 1946.]

HARVEY MACHINE COMPANY, INC. (a Corporation),
Appellant, v. WESTERN MECHANICS LOCAL
UNION NO. 700 (an Unincorporated Association) et al.,
Respondents.

Hindin, Weiss & Girard for Appellant.

No appearance for Respondents.

McCOMB, J.—From a judgment in favor of defendants after trial before the court without a jury in an action for declaratory relief seeking interpretation of certain provisions in a written contract, plaintiff appeals.

The undisputed facts are these:

On August 17, 1944, plaintiff and defendants entered into a collective bargaining agreement which contained among others a provision reading as follows:

"Article XVII. Term of Agreement. Section 1. This agreement shall begin and remain in full force and effect for one year from date of execution, and thereafter unless either party signifies their desire to modify, amend or terminate said contract by notifying the other party in writing thirty (30) days prior to the anniversary date of agreement."

Letters passed between the parties on the following dates, April 30, 1945,[1] June 8, 1945,[2] June 9, 1945,[3] and August 8, 1945.[4] Each of the foregoing letters made reference to the contract between the parties.

---

[1]The following is the letter of April 30, 1945:

"Mr. Lawrence Harvey, Vice President
Harvey Machine Company
6200 Avalon Blvd.
Los Angeles 3, Calif.
Dear Lawrence:

I am presenting these thoughts to you on an informal basis in order to give us some point where we can begin conversations to eliminate some of the inequities that exist in our present relationship. I suggest we use the present contract as a base and then, in conversation with each other, go over the whole thing so that we can arrive at a sound conclusion. I'm also enclosing a copy of the International and Local Constitutions as you requested.

1. I suggest some discussion on changing the preamble in order to

Plaintiff in its brief contends that the trial court refused plaintiff's offer of proof that the letter of June 9, 1945, was written after a telephone conversation between the vice-president of plaintiff company and defendants' representative in which conversation plaintiff told defendants that plaintiff would definitely terminate the contract on August 17, 1945.

The trial court found that (1) neither party had complied with the necessary requisites for the purpose of terminating said contract prior to August 17, 1945, as provided in Article XVII, *supra,* (2) the collective bargaining agreement was not terminated on the 17th day of August, 1945, but should remain in full force and effect until the the 17th day of August, 1946, and (3) the collective bargaining agreement was not subject to modification, amendment or termination upon 30 days' notice or other reasonable notice during the period from August 17, 1945, to August 17, 1946.

There are three questions presented for our determination which will be stated and answered hereunder seriatim:

■ First: *Did the trial court err in holding that plaintiff had not signified in writing 30 days prior to August 17, 1945,*

resolve any situation that may arise later relative to shifting employees from one plant to another.

2. I think Article 1 should be changed to definitely define the bargaining agency, and the Union shop and checkoff, as proposed in our discussions.

3. Under Article 3, I think it should be incorporated that Union personnel should be trained in industrial relations.

4. I suggest that Article 4 be changed as follows. Section 1—committee to consist of three members, of whom the shop chairman be one. Under Sections 2 and 3 and 4, I think the step-ups are logical, but my thought is that except in cases of emergency, grievance should go before the shop stewards committee and myself for approval before being submitted to management. I further believe that the interests of both parties will be better served if any such grivances are submitted and answered in writing.

I suggest the removal of Sections 5 and 6, with the substitution that all unsettled grievances shall come before you and me personally for final settlement, or in the event that something should happen to either of us, that Mr. Leo Harvey would make any such designation for the Company and Mr. Reid Robinson would designate an appropriate person for the Union.

I suggest a change in Section 8, since under this plan grievances would be held more than three days before they would be submitted.

5. Under Article 5, I think that sections 1 and 2 should be defined and clarified. It might be more advisable to work on classification seniority rather than departmental. Competency should be retained but should be clarified also. It is my opinion that by discussing the matter of seniority we can work out a much fairer and equitable setup than we now have.

6. I suggest that Article 14 be clarified so that both parties will understand the point at which conflict between Article 4 and Article 14

*its desire to modify, amend or terminate the contract between the parties?*

This question must be answered in the negative. There is nothing in the letters of April 30, 1945, or June 9, 1945, indicating an intention upon the part of plaintiff to modify, amend or terminate its contract with defendant. The letter of August 8, 1945, was ineffective for such purpose since it was sent to defendants less than 30 days prior to August 17, 1945. In view of the fact that the foregoing constituted all the evidence before the trial court the finding that plaintiff had not terminated the contract in accordance with the provisions of Article XVII was correct.

Second: *Was the trial court correct in finding that the contract should remain in force until August 17, 1946, and that*

ceases and so that the Union will not infringe upon any of management's prerogatives.

7. I suggest that Article 15, Section 4, be clarified so as to prevent as much friction as possible prior to any disciplinary action taking place.

I suggest that when we finally work out an agreement that Reid Robinson should be a signator to the same.

May I suggest that we get together on these ideas and see what can be worked out.

Very truly yours,
GEORGE KNOTT /s/
Regional Coordinator''

²This is the letter of June 8, 1945.

''Mr. Lawrence Harvey, Vice President
Harvey Machine Company, Inc.
6200 Avalon Blvd.
Los Angeles 3, California
Dear Lawrence:

For more than a period of two months now I have been trying consistently to sit down with you and arrive at some equitable agreement relative to the labor relations in the Los Angeles plant.

For the past four or five weeks at least you have been consistently promising me that you would have a contract drawn up to present to me, which I still have not seen nor discussed, except in the most cursory fashion.

I notified Frank Downey this week, being unable to get in touch with you, that we could not wait past Friday, June 8th. Frank called me back a day or so later and told me that he would give you that message. Since Friday, June 8 has now come and gone, I am forced to the conclusion that you have no intentions of carrying out your promises.

Such being the case, I hereby withdraw any and all tentative proposals that were made by the Union, and I would like to inform you at this time that we are going to try to stabilize labor relations as much as possible on our side of the fence—with the full recognition, of course, that it takes two people to make an agreement. We intend to live within the scope of the agreement and to enforce each and every one of its provisions as interpreted.

I am extremely sorry that the attempts we have made to meet with you and arrive at a mutually satisfactory understanding have ended so

*such contract was not subject to modification, amendment or termination prior to said date upon 30 days' written notice?*
This question must be answered in the affirmative. ▆ Article XVII provided that the contract should remain in force for one year from the date of execution "and thereafter unless either party signifies their desire to modify, amend or terminate said contract by notifying the other party in writing thirty (30) days prior to the anniversary date of agreement." It appears clearly that by this provision the contract was to remain in effect for successive periods of a year unless thirty days prior to the anniversary date, to wit, August 17th, either party should signify in writing its desire to modify, amend or terminate the contract. In the instant case plaintiff signified

---

abysmally, but most certainly you should realize that cooperation is a two-way street, and that you can't expect cooperation from us when you refuse to return it, either in full measure or even partially so.
Believe me to be,

Most truly yours,
GEORGE KNOTT /s/
Regional Coordinator''

[3]The following is the letter of June 9, 1945.
"Mr. George Knott
Regional Coordinator
Western Mechanics Local 700, C.I.O.
5851 Avalon Blvd.
Los Angeles 3, California
Dear George:
Since V-E Day we have experienced an increased number of cancellations and we have been advised that we are yet to receive more substantial cancellations. Our business therefore is in a very uncertain state and we do not know what jobs, or what work, or what business, if any, we may have within the coming months.
With the whole manufacturing undergoing such a radical contemplated change as to whether we will be in business, what business we will be in, and what our mutual problems will be, it is just a practical impossibility at this time to forecast and therefore be able to make any sound continuing labor agreement.

Very truly yours,
HARVEY MACHINE CO., INC.
Lawrence A. Harvey
Executive Vice-President''

[4]This is the letter of August 8, 1945.
"Western Mechanics Local 700, C.I.O.
5851 Avalon Boulevard
Los Angeles 3, California
Attention Mr. George Knott
Gentlemen:
You have heretofore on June 8, 1945 entered into negotiations in writing for a new contract at the expiration of our present labor agreement. The company assumes that your letter was sent as an official

such intention by its letter of August 8, 1945, which would be effective on August 17, 1946.

█ Third: *Did the trial court commit prejudicial error in refusing plaintiff's offer of parol evidence relative to the telephone conversation between its vice-president and defendants' representative?*

This question must be answered in the negative. Even if it be conceded that the agreement was ambiguous as to its terms the proffered evidence had no bearing upon the claimed ambiguity. The fact that one party to the agreement said that it would terminate the contract on a certain date did not tend to throw any light upon the intention of the parties as to the terms of the contract when it was executed.

For the foregoing reasons the judgment is affirmed.

Moore, P. J., and Wilson, J., concurred.

---

notification of the Union's desires of a modified amendment or termination of the contract when it expires on August 17, 1945.

The company has heretofore explained that it feels that certain changes should have been made in the agreement should it be continued for any period of time beyond August 17, 1945.

This letter is intended to confirm our understanding that the present agreement will terminate on August 17, 1945 and negotiations may be opened, looking toward the making of certain changes, in any future agreements.

This letter will also serve as our official reconfirmation and renotification to you that the company desires to modify, amend or terminate the present contract upon its expiration date, August 17, 1945, or thirty days from the date of this letter, whichever is more acceptable to you, but in no event later than thirty days from this date. We notified you by our letter of June 9, 1945 that we could not make any agreement.

Very truly yours,
HARVEY MACHINE CO., INC.
By: Maurice J. Hinden''