[Civ. No. 13220.   First Dist., Div. Two.   Jan. 16, 1947.]

Estate of ANNIE HINDS, deceased.   MARGARET GOETTING PFINGST, Appellant, v. GASTON I. GOETTING, Respondent.

Hilary H. Crawford for Appellant.

Dreher, McCarthy & Erickson for Respondent.

NOURSE, P. J.—Annie Hinds died intestate a resident of the City and County of San Francisco. She left as heirs Florence Morgan, a sister, a niece and nephew who were both the children of a deceased sister, and four grand nieces and nephews. The niece of deceased, the appellant herein, was duly appointed administratrix upon the nomination of Mrs. Morgan. The nephew, the respondent herein, then filed an application to have the appointment set aside and for an order appointing him as administrator. Several hearings were had, the details of which are not important to this decision. They resulted in an order appointing the nephew and the niece as joint administrators on findings that both were competent.

On her appeal from this order the appellant raises several points which do not require consideration because the case rests on the settled rule that the appellant alone is entitled to the letters of administration as a matter of law.

Section 423 of the Probate Code Annotated reads: "Administration may be granted to one or more competent persons, although not otherwise entitled to the same, at the written request of the person entitled, filed in court. If the person making the request is a child, [grandchild], parent, brother or sister of the decedent, *the nominee shall have priority* next after those in the class of the person making the request; *otherwise* the court, in its discretion, may appoint either such nominee or a person of a class subsequent in rank to that of the person making the request; but other persons of the class of the person making the request shall have priority over such nominee." (Emphasis ours.)

In a case identical in its facts and circumstances the court in *Estate of DeBrum,* 26 Cal.App.2d 319, 321, 322 [79 P.2d

414], resting its decision partly on *Estate of Somerville,* 12 Cal.App.2d 430 [55 P.2d 597], held that ". . . we here express our accord with the view expressed in the Somerville case that, *prima facie,* the nominee of a sister of a decedent, if the sister succeeds to any part of the decedent's estate, is now entitled, *as of right and not as a matter of the court's discretion,* to be preferred to a nephew, even though the nominee have no right to any part of the estate while the nephew is entitled to share in it or some part of it." (Emphasis ours.) The Supreme Court denied a transfer in both cases and this interpretation of the statute must be accepted as controlling. ■ Under this rule the appellant, as nominee of the sole surviving sister and next of kin, comes under the fifth class of those entitled to letters under section 422, Probate Code Annotated. The respondent, as descendant of a deceased sister, comes under the sixth class of the section. Section 423 declares that appellant as nominee of one in the higher class "shall have priority" of those of the subsequent classes. When such right is given by statute no discretion is left to the court to choose some other party not qualified under the statute.

Order reversed.

Goodell, J., and Dooling, J., concurred.