[Civ. No. 18615.   Second Dist., Div. One.   Feb. 18, 1952.]

Estate of JEROME HURWITZ, Deceased.   HARRY I. RUBIN, Respondent, v. SAM HURWITZ, Appellant.

Max Sisenwein and John M. Dvorin for Appellant.

Louis Elowitt and Joseph Joblin for Respondent.

WHITE, P. J.—Appellant, an heir-at-law of Jerome Hurwitz, deceased, seeks reversal of an order of the superior court, sitting in probate, directing partial distribution of the estate

of said decedent to certain charities pursuant to the following provision contained in the will of decedent:

"The entire balance of my estate I leave to charity and the recipient of this charity shall be designated by my friend Harry I. Rubin of the Associated Bond & Insurance Agency. In other words, H. I. Rubin shall pick out the charity organization that shall receive the balance of my estate after all of the above is taken care of."

The H. I. Rubin referred to is the respondent executor of the will of the decedent.

█ That a testamentary provision such as the foregoing creates a valid charitable trust is not open to question. In *Estate of Bunn,* 33 Cal.2d 897 [206 P.2d 635], the Supreme Court had under consideration a direction of the testatrix that her residual estate should be "sold and given to a worthy charity selected by my executors." It was held that no particular words or phrases are necessary for the creation of a trust, and that where a testatrix names a bank as executor and then provides that the residue of her estate, after the death of her husband, shall be sold and the proceeds given to a charity to be selected by her executor, there is an express subject, purpose and beneficiary of the trust in addition to the existence of a trust intent which appears from the nature of the devise (Civ. Code, § 2221), and a specific designation of the bank as trustee.

Appellant concedes that "all of the recent cases have upheld trusts created for charity organizations. In the *Estate of Bunn,* 33 Cal.2d 897 [206 P.2d 635], the court upheld a provision similar to the provision in this will in the case at bar. The recent cases in this state on provisions similar to the one involved in this appeal have all been resolved in favor of upholding the testamentary disposition of the decedent.

"None of the cases have overruled the general principle of law that the beneficiary must be designated with a degree of clarity sufficient to determine the devisee. It would be futile to argue in view of the cases, the proposition that the present provision under discussion is too vague and indefinite to be upheld.

"It is the position of appellant, however, that in the cases decided up to the present time the court failed to take into consideration section 27 of the Probate Code. This section imposes a limitation upon the testamentary right of a testator. There is no way to determine from the four corners of the will that the decedent intended that the bequest should be

distributed for the purposes as limited by section 27 of the Probate Code.

"In order for the court to hold that the decedent intended a charitable bequest as limited by section 27 of the Probate Code, it becomes necessary for the court to read into the instrument such conclusion. It is contended that the rule of *cy pres* cannot be invoked since the instrument itself is completely devoid of any language from which a conclusion can be reached as to the purpose intended for the disposition of the residuary estate. . . .

"It is contended that the courts are without power to permit a testamentary disposition which is not authorized by statute.

"In the instant case to hold that it was the intention of the decedent to dispose of his property to a charity authorized by statute requires the court to arbitrarily make such decision."

Section 27 of the Probate Code prescribes who may take by a will, in the following language:

"A testamentary disposition may be made to the United States, to any instrumentality of the United States, to the State, to counties, to municipal corporations, to natural persons capable by law of taking the property, to unincorporated religious, benevolent or fraternal societies or associations or lodges or branches thereof, and to corporations formed for religious, scientific, literary, or solely educational or hospital or sanatorium purposes, or primarily for the public preservation of forests and natural scenery, or to maintain public libraries, museums or art galleries, or for similar public purposes. No other corporation can take under a will, unless expressly authorized by statute."

See, also, section 10206 of the Corporations Code, providing that corporations formed solely for charitable purposes may take funds by will, gift or otherwise, and that a bequest or gift to such an organization shall not be invalid or fail because of indefiniteness or uncertainty as to the purposes or beneficiaries thereof.

■ It is manifest that the reason section 27 of the Probate Code was not mentioned by the Supreme Court in its decision in *Estate of Bunn, supra,* was that the section has nothing to do with the question of the validity of a bequest to a charity to be selected by another. The section merely provides who may take under a will and who may not, and to that extent limits the trustee's choice in selecting a charitable institution. Appellant's argument amounts to no more than a contention

that the testatrix might have intended the charitable bequest to go to an organization not authorized under the law to take under a will and that the court may not read into the instrument a contrary intent. The contention is patently without merit. The intention of the testatrix was that the charity to be benefited should be selected by her executor, and his choice in this respect is fettered only by applicable law and not by anything contained in the will, except that the bequest should be given to a charitable organization. We deem it unnecessary to refer to or quote from the authorities and arguments contained in the excellent and exhaustive brief of respondent. ■ We believe that for the purposes of this decision a sufficient answer to appellant's contention is found in the language of the Supreme Court in *Estate of Bunn, supra,* at pages 901, 903 and 904, from which we quote in part as follows:

"The basic legal question in the case is whether a bequest to charity in general, with a power in the trustee to select the beneficiary, is too vague and indefinite to be upheld. . . . [Quoting from Bogert on Trusts and Trustees, § 371, 1134-42] 'It is believed that there is no objectionable uncertainty about such a general charitable trust. The trustee of it is under a duty to select any one of the hundreds or thousands of means open to him to benefit mankind in such a way as to bring about a charitable result. . . . The decisions of the courts in England and in this country can be studied and will guide the trustee to a decision as to what is and what is not charitable. . . . There need be no doubt or ambiguity in the trustee's mind as to his duty. . . .'

"Applying the reasoning of Professor Bogert, which rests upon sound principles of law and a proper regard for generous intentions to help persons in need of a practical expression of brotherhood, the trust established by Mrs. Bunn should be upheld. 'Courts look with favor upon all attempted charitable donations and will endeavor to carry them into effect if it can be done consistently with the rules of law. A bequest intended as a charity is not void and there is no authority to construe it to be legally void if it can possibly be made good. *Estate of Hinckley,* 58 Cal. 457; *Estate of Willey,* 128 Cal. 1 . [60 P. 471]; *Estate of Merchant,* 143 Cal. 537 [77 P. 475].' . . ."

For the reasons stated, the order appealed from is affirmed.

Doran, J., and Drapeau, J., concurred.