[Civ. No. 23215.   Second Dist., Div. One.   Oct. 14, 1958.]

Estate of GEORGE G. MUNSON, Deceased.   DIVISION OF WORLD MISSIONS OF THE BOARD OF MISSIONS OF THE METHODIST CHURCH (a Nonprofit Corporation), Appellant, v. CARRIE OLIVE CLINE et al., Respondents.

Tanner, Odell & Taft and Donald W. Odell for Appellant.

Iverson & Hogoboom, Lloyd E. Erickson and Carroll & Anderson for Respondents.

WHITE, P. J.—Division of World Missions of the Board of Missions of the Methodist Church, a corporation, one of the devisees and legatees under the will of decedent, appeals from the order determining heirship, by which it was awarded only one-twelfth of the distributable estate.

George G. Munson died December 18, 1956. By his will executed August 22, 1956, he left his entire estate in equal parts to four corporate charities, of which appellant is one.

It was adjudged that said bequests are valid only as to one-third of the distributable estate. Consequently, two-thirds of decedent's estate was distributed by said judgment to the legal heirs of decedent, who are an adopted sister and the children of a deceased natural sister, the respondents herein.

The stipulation of the parties as to the charitable nature of the corporate beneficiaries under the will, and that respondents are decedent's next of kin and heirs-at-law, left no factual matter to be determined by the court.

It is urged by appellant that, despite respondents' relationship to decedent, they cannot be heard to object to decedent's gift of his estate to charitable corporations for the reason that, included in decedent's will which was executed more than one month and less than six months before his death are the following provisions:

"Fifth: Feeling that I have sufficiently remembered my

adopted sister, Carrie Olivia Cline, aka Olive Cline, through insurance on my life, and specifically remembering the children of my deceased sister, Edith M. Davis, I have intentionally omitted all of my heirs and persons who are not specifically mentioned herein, and I hereby generally and specifically disinherit each and every such person whomsoever claiming to be or who may be lawfully determined to be my heirs at law, and if any such person or any person claiming under them or their heirs shall lawfully become entitled to any part of my estate, I hereby give and bequeath to such person or his heirs the sum of Ten Dollars ($10.00) and no more, in lieu of any share and interest in my estate.

"Sixth: If any devisee, legatee or beneficiary under this will shall contest it or any of its parts or provisions, any share or interest given to that person or association shall be revoked and augment proportionately the shares of such of the beneficiaries hereunder as shall not have joined or participated in said contest. I further direct that any expense incurred by my executor in defending any contest in or about, or in respect to this Will, or the provisions thereof, shall be paid from my estate."

Section 41, Probate Code of California, provides:

"No estate, real or personal, may be bequeathed or devised to any charitable or benevolent society or corporation, or to any person or persons in trust for charitable uses, by a testator who leaves a spouse, brother, sister, nephew, niece, descendant or ancestor surviving him, who, under the will, or the laws of succession, would otherwise have taken the property so bequeathed or devised, unless the will was duly executed at least 30 days before death of the testator. If so executed at least 30 days before death, such devises and legacies shall be valid, but they may not collectively exceed one-third of the testator's estate as against his spouse, brother, sister, nephew, niece, descendant or ancestor, who would otherwise, as aforesaid, have taken the excess over one-third, and if they do, a pro rata deduction from such devises and legacies shall be made so as to reduce the aggregate thereof to one-third of the estate. All property bequeathed or devised contrary to the provisions of this section shall go to the spouse, brother, sister, nephew, niece, descendant or ancestor of the testator, if and to the extent that they would have taken said property as aforesaid but for such devises or legacies; otherwise the testator's estate shall go in accordance with his will and such devises and legacies shall be unaffected.

"Nothing herein contained is intended to, or shall be deemed or construed to vest any property devised or bequeathed to charity or in trust for a charitable use, in any person who is not a relative of the testator belonging to one of the classes mentioned herein, or in any such relative, unless and then only to the extent that such relative takes the same under a substitutional or residuary bequest or devise in the will or under the laws of succession because of the absence of other effective disposition in the will."

The question raised on appeal is whether, under the provisions of testator's will, said section 41 precludes respondents from taking by succession the residue of the estate over and above the one-third awarded to the charities named in the will.

Appellant, in its opening brief, states that the gifts are not rendered invalid but are merely voidable, as was said in the decision of the court in the *Estate of Haines,* 76 Cal.App. 2d 673, 679 [173 P.2d 693] : " 'at the instance of an aggrieved heir of a designated class; but such heir is not aggrieved unless he would have been entitled to take the property had it not been willed to charity.' "

*Estate of Haines, supra,* however, concerns a will in which the heirs listed in section 41 had no interest in the residuary estate because of a substitutional clause naming a nonrelative as legatee in case the code section should prevent the charity from taking the whole estate. The judgment therein awarded the estate to a nonrelative of the decedent under the substitutional bequest and was reversed with directions that the estate be awarded to the named charity, because there was no intestacy as to any portion of the estate and the heirs were excluded from participation therein by the substitutional gift to the friend, in whom none of said estate "shall be deemed or construed to vest."

To the same effect, see *Estate of Davis,* 74 Cal.App.2d 357, 361 [168 P.2d 789], quoted with approval in *Estate of Randall,* 86 Cal.App.2d 422, 427 [194 P.2d 709], as follows :

"By said language [§ 41] the Legislature has declared that where, as in this case, charitable gifts in a will are voidable, the portion of the estate represented thereby shall pass to a surviving relative only to the extent that such relative takes the same under a substitutional or residuary bequest or devise, or if there be no such substitutional or residuary bequest or devise, under the laws of succession if there be no other effective disposition thereof in the will."

Respondents cite and rely upon the rule that "a testator must do more than merely evince an intention to disinherit before the heir's right of succession can be cut off—he must make a valid disposition of his property," followed in *Estate of Fritze,* 85 Cal.App. 500, 505 [259 P. 992]. Appellant, however, urges that *Estate of Fritze, supra,* is inapplicable to the facts of the instant action because of the provision in decedent's will in the proceeding now under consideration that anyone determined to be his heir entitled to object to his gift to charity shall receive $10.00 "as a substitutional bequest."

▆▆ An attempt to exclude legal heirs from participation in the estate of decedent is successful only as to such property as is disposed of by the will. Property which is the subject of a voidable gift to charity, and not the subject of a substitutional gift in the event of such avoidance, must be distributed under the laws of succession to the relatives named in said section 41. (*Estate of Davison,* 96 Cal.App.2d 263, 267 [215 P.2d 504]; *Estate of Dunn,* 120 Cal.App.2d 294, 296 [260 P.2d 964].)

*Estate of Clippinger,* 76 Cal.App.2d 426 [171 P.2d 567], was an appeal by decedent's half sister from a judgment determining heirship, by which, notwithstanding the provisions of section 41 that only one-third of an estate may be given to charity by a will made less than six month before death, the trial court awarded only $25 to appellant, because decedent's will gave $25 each to her brother and her sister describing them as "practically strangers," and left the "balance" to an Eastern Star Home. At page 433, Mr. Justice Wilson, speaking for the District Court of Appeal, said: ". . . The death of the testator having occurred within six months after the execution of the will, the home is entitled to only one-third of the residue of the estate, and the testator died intestate as to the remaining two-thirds." The judgment was reversed, and, at page 436, the trial court was directed to amend its findings and conclusions to show that decedent died intestate as to two-thirds of her estate and that appellant should receive that two-thirds.

▆▆ It is appellant's contention that decedent's gift in the instant action of $10 only, to any heir who objects to the testator's gift to charity is such a substitutional gift as to preclude the legal heirs from participation in decedent's estate. Under the *Dunn* and *Davison* decisions, *supra,* if in addition to decedent's conditional bequest of the $10 to each

of his heirs he had, as in *Estate of Haines, supra,* added to the substitutional clause a gift of the residue to a nonrelative, then appellant's position might be sustained. However, in the instant action, the gift to the charities is valid (as against the respondents) only as to one-third of decedent's estate; as to the other two-thirds the substitutional clause disposes of $10 only, to each of the respondents; and as to the balance of the estate, decedent died intestate.

In *Estate of Heney,* 66 Cal.App.2d 867, 869 [153 P.2d 427], Mr. Justice McComb, speaking for the District Court of Appeal, said that where the will disposed of only a portion of the estate and included the provision that "anyone not mentioned in this will and who is related to me will receive not more than $10 each," nevertheless testator's brothers were entitled to succeed to the estate. Hearing was denied by the Supreme Court.

In *Estate of Lefranc,* 38 Cal.2d 289, 295 [239 P.2d 617], Mr. Justice Schauer, speaking for the Supreme Court, had this to say:

"Under the provisions of various contest clauses heretofore considered by the courts it has been held that whether one in the position of Adele is entitled to succeed as an heir at law to any portion of the legacy . . . which she forfeited depends upon whether the testatrix made other valid disposition thereof. It has been said that 'A testator must do more than merely evince an intention to disinherit before the heirs' right of succession can be cut off. He must make a valid disposition of his property." (Citing cases.) Thus, in *Estate of Mathie* [64 Cal.App.2d 767, 781 (149 P.2d 485)] it is held that inasmuch as the entire estate, after payment of debts and expenses, was left in equal shares to two persons without other bequests, the will contained no residuary clause, and a legatee who had forfeited his legacy by contesting the will was nevertheless entitled to receive a share of such legacy under the laws of intestate succession. . . ."

(*In re Walkerly,* 108 Cal. 627, 652 [41 P. 772, 49 Am.St. Rep. 97]; *Campbell-Kawannanakoa* v. *Campbell,* 152 Cal. 201, 207 [92 P. 184].)

The will in the instant action gives to respondent relatives only $10 each, and expresses the intention to disinherit them in the event that all the property is disposed of as attempted by the will. Since, under the circumstances here shown, appellant can take only one-third of the estate, and no disposition is made of the residue, it must be presumed

that the testator expected his next of kin named in said section 41 to take the other two-thirds of his estate under the laws of succession.

The judgment is affirmed.

Fourt, J., and Lillie, J., concurred.